UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JEFFREY H.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00091-JMS-DML |
| | ) | |
| ANDREW M. SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Jeffrey H. filed for disability benefits with the Social Security Administration, alleging a disability onset date of May 1, 2014. [Filing No. 8-5 at 2-5.] His application was denied initially and upon reconsideration, and a hearing was held before Administrative Law Judge ("ALJ") William Diggs. [Filing No. 8-3 at 2-12; Filing No. 8-3 at 14-25; Filing No. 8-2 at 51-80.] ALJ Diggs issued a decision denying Jeffrey H. benefits, and the Social Security Appeals Council upheld the ALJ's decision and denied Jeffrey H.'s request for review. [Filing No. 8-2 at 8-26; Filing No. 8-2 at 2-7.] Jeffrey H. then filed suit, asking this Court to review his denial of benefits. [Filing No. 1.]

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

# I.
## STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). As explained by the Supreme Court,

> The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months.

*Id.* at 217 (quotations omitted).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists to support the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). However, "[i]f a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the [Social Security Administration] to establish that the claimant is capable of performing work in the national economy." *Id.*

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
## BACKGROUND[2]

Jeffrey H. filed for disability benefits, alleging a disability onset date of May 1, 2014. [Filing No. 8-5 at 2-5.] His alleged disability involves degenerative disc disease, obesity, sleep apnea, and MRSA. [Filing No. 8-2 at 13; Filing No. 12 at 1.] Jeffrey H.'s date last insured was December 31, 2019. [Filing No. 8-2 at 11.]

At the time of the onset date, Jeffrey H. was 48 years old. [Filing No. 12 at 1.] In November 2014 and January 2015, he weighed 270 pounds and had a body mass index ("BMI") of 39.87, as noted by Dr. Kuric, the surgeon who removed Jeffrey H.'s herniated disc. [Filing No. 12 at 1; Filing No. 18 at 3; Filing No. 8-9 at 65-66.] In August 2015, Jeffrey H. saw his primary care physician, Dr. Vorhies, who noted his BMI was between 40 and 45, discussed appropriate diet and exercise with Jeffrey H., and gave him literature regarding dietary and fitness guidelines. [Filing No. 18 at 4; Filing No. 8-11 at 48; Filing No. 8-11 at 53.] On January 17, 2017, Jeffrey H. had an appointment with Dr. Matthiessen, a neurologist, who noted that Jeffrey H. weighed 314 pounds and had a BMI in excess of 46. [Filing No. 12 at 2, n.2; Filing No. 18 at 5; Filing No. 8-12 at 13.] In February 2017, Dr. Matthiessen opined that Jeffrey H.'s complaints of weakness in his left leg were primarily due to lumbosacral disc disease and disc bulges and were, in part, secondary to Jeffrey H.'s excessive weight. [Filing No. 18 at 5; Filing No. 8-12 at 29.] Dr. Matthiessen "encouraged him in weight loss efforts." [Filing No. 8-12 at 29; Filing No. 18 at 5.] On May 12, 2017, Dr. Vorhies noted that Jeffrey H. weighed 320 pounds and had a BMI of 47.3. [Filing No. 12 at 1; Filing No. 8-12 at 44.]

---

[2] The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

ALJ Diggs followed the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Jeffrey H. was not under a disability at any time between the alleged onset date of May 1, 2014 through the date of the decision. [Filing No. 8-2 at 11.] Specifically, the ALJ found the following:

- At Step One, Jeffrey H. has not engaged in substantial gainful activity[3] since his alleged onset date. [Filing No. 8-2 at 13.]

- At Step Two, Jeffrey H. had the following severe impairments: degenerative disc disease, obesity, sleep apnea, and MRSA. [Filing No. 8-2 at 13.]

- At Step Three, Jeffrey H.'s impairments (or combination of impairments) did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, (20 CFR 404.1520(d), 404.1525, and 404.1526). [Filing No. 8-2 at 16.]

- After Step Three but before Step Four, Jeffrey H. has the RFC to do as follows:

    perform light work as defined in 20 CFR 404.1567(b) except that he is further limited to occasionally balancing, stooping, kneeling, crouching, crawling, or climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; frequently feeling with the bilateral upper extremities; frequently reaching with the left upper extremity; avoiding concentrated exposure to temperature extremes, humidity, wetness, noise, vibration, fumes, odors, dusts, gases, and poor ventilation; and avoiding even moderate exposure to workplace hazards such as dangerous machinery and unprotected heights. [Filing No. 8-2 at 16.]

- At Step Four, Jeffrey H. was unable to perform any past relevant work. [Filing No. 8-2 at 20.]

- At Step Five, considering Jeffrey H.'s age, education, work experience, and RFC, there are jobs that exist in sufficient numbers in the national economy that he can perform, such as merchandise marker, store cashier, and routing clerk. [Filing No. 8-2 at 20-21.]

---

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

The Appeals Council denied Jeffrey H.'s request for review of the ALJ's decision, and therefore, the ALJ's decision became the Agency's final decision for purposes of judicial review. [Filing No. 18 at 2.] Jeffrey H. then filed this civil action asking this Court to review his denial of benefits. [Filing No. 1.]

## III.
### DISCUSSION

Jeffrey H. challenges the ALJ's decision on the ground that the ALJ "err[ed] in failing to supply reasoning for his conclusion on the issue of obesity and in failing to correctly apply the law and regulations regarding obesity." [Filing No. 12 at 2.] Jeffrey H. argues that the ALJ's decision lacks any discussion of evidence regarding obesity and the brief reference to obesity found on page 6 of 11 of the ALJ's decision is "[t]he only other mention" of his obesity. [Filing No. 12 at 2.] Jeffrey H. argues that the ALJ violated the mandates of Social Security Ruling 02-01p by failing to: (1) make an assessment "of the effect obesity has on [Jeffrey H.'s] ability to perform routine movement and necessary physical activity within the work environment"; (2) "explain how [he] reached [his] conclusions on whether obesity caused any physical or mental limitations"; and (3) "consider any functional limitations resulting from obesity in the RFC assessment." [Filing No. 12 at 3.] Jeffrey H. contends that with the ALJ's simple conclusion on the issue of obesity, this Court has no way to trace the path of reasoning that led to the ALJ's conclusion.

In response, the Commissioner argues that the ALJ considered the combined effects of Jeffrey H.'s impairments, including obesity, on his RFC. [Filing No. 18 at 2.] The Commissioner argues that the ALJ supported his decision with substantial evidence because he considered Jeffrey H.'s obesity "at each step of the disability evaluation process" and "adopted the medical opinion of state agency reviewing physicians, who reviewed [Jeffrey H.'s] file and were aware of his obesity and his [BMI]." [Filing No. 18 at 1.] The Commissioner points to several parts of the

decision where the ALJ references Jeffrey H.'s obesity, cites to the medical records discussing Jeffrey H.'s weight, and explicitly states that he has considered Jeffrey H.'s obesity. [Filing No. 18 at 9.] The Commissioner contends that Jeffrey H. has completely ignored the ALJ's explicit consideration of Jeffrey H.'s obesity when reaching his RFC determination. [Filing No. 18 at 9.]

Jeffrey H. did not file a reply brief.

The Court agrees with the Commissioner that the ALJ adequately considered evidence of Jeffrey H.'s impairments, including obesity, and sufficiently articulated and supported his RFC finding. There are several examples of the ALJ reasonably considering Jeffrey H.'s obesity throughout his decision. For instance, at Step Two, the ALJ found obesity was a severe impairment, [Filing No. 8-2 at 13], and at Step Three, the ALJ stated that he considered obesity as a severe impairment in conjunction with his other severe impairments and determined that it did not rise to the level of a Listing under 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526), [Filing No. 8-2 at 16]. The ALJ explained:

> It should be noted that the [ALJ] has considered the claimant's condition of obesity. Although obesity itself is not a listed impairment[,] the potential effects that it has in causing or contributing to impairments in the claimant's body systems have been considered. Specifically, the claimant's obesity does not by itself or in combination with his other impairments meet the requirements of a listing. Based on the objective evidence the functional limitations adopted herein carefully consider the claimant's weight and its effect on his ability to ambulate as well as his other body systems.

[Filing No. 8-2 at 16.] Additionally, in his RFC assessment, the ALJ noted Jeffrey H.'s obesity when he: (1) repeated Plaintiff's allegation that he had gained eighty pounds since the onset date, (2) stated that the record shows Jeffrey H. had "a BMI in excess of 46," and (3) acknowledged that Dr. Matthiessen recommended weight loss. [Filing No. 8-2 at 17.] The ALJ also discussed the findings of the doctors who examined Jeffrey H., including Dr. Matthiessen. [Filing No. 8-2 at

7

18-19.] Dr. Matthiessen found that: (1) Jeffrey H.'s complaint of weakness in his left leg was, in part, secondary to his excessive weight, and (2) weight loss and physical therapy would help with the lower back pain and disc bulges. [Filing No. 8-12 at 29.] The ALJ even found that "additional environmental and postural restrictions [are] merited" here due to Jeffrey H.'s "impairments, including sleep apnea *and the compounding effect of obesity*." [Filing No. 8-2 at 19 (emphasis added).] The ALJ "minimally articulated" his reasoning behind the RFC determination to allow the appellate court to "trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). The ALJ is not required to provide a written evaluation of every piece of evidence and testimony.

Even if the ALJ had failed to explicitly consider Jeffrey H.'s obesity, he did consider the doctors' opinions that discussed Jeffrey H.'s weight and BMI, and, therefore, the ALJ "indirectly accounted for" Jeffrey H.'s obesity. *See Hoyt v. Colvin,* 553 F. App'x 625, 628 (7th Cir. 2014) ("[T]he ALJ indirectly accounted for [plaintiff's] obesity by relying on the medical opinions of state-agency physicians who evaluated his height and weight."); *Pepper v. Colvin*, 712 F.3d 351, 364 (7th Cir. 2013) (agreeing that ALJ "did not specifically undertake" an analysis of "any functional limitations resulting from the obesity," but finding that it was harmless error because "the RFC [was] based on limitations identified by doctors who specifically noted obesity as a contributing factor to the exacerbation of other impairments"); *Prochaska v. Barnhart*, 454 F.3d 731, 737 (7th Cir. 2006) (finding "[t]he ALJ's 'implicit consideration' of [claimant's] obesity through [ALJ's] review and discussion of doctors' reports" was sufficient because "[a]lthough the ALJ did not explicitly address [claimant's] obesity, [the ALJ] specifically predicated his decision upon the opinions of physicians who did discuss [claimant's] weight," and claimant did not "specify how [her] obesity further impaired [her] ability to work.") (citation omitted); *Skarbek v. Barnhart*,

8

390 F.3d 500, 504 (7th Cir. 2004) ("[A]lthough the ALJ did not explicitly consider [claimant's] obesity, it was factored indirectly into the ALJ's decision as part of the doctors' opinions."). The case presented here is analogous to these cases.

For these reasons, Jeffrey H.'s argument that the ALJ's discussion of his obesity was lacking does not warrant remand.

## IV.
### CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 271 (7th Cir. 2010). "The Act does not contemplate degrees of disability or allow for an award based on partial disability." *Id.* (citing *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985)). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Williams-Overstreet*, 364 F. App'x at 274. Taken together, the Court can find no legal basis presented by Jeffrey H. to reverse the ALJ's decision that he was not disabled during the relevant time period. Therefore, the decision below is **AFFIRMED**. Final judgment shall issue accordingly.

Date: 3/4/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**